# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JAMES SCOTT, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:17-cv-04179-NKL |
| | ) |
| COWLEY DISTRIBUTING, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER**

Pending before the Court is Plaintiff's Motion to Strike Defendant Cowley Distributing, Inc.'s Answer to the First Amended Complaint, Doc. 43, Plaintiff's Motion for Default Judgment, Doc. 45, and Defendant's Motion for Leave to File Answer out of Time, Doc. 47. For the following reasons, Plaintiff's Motion to Strike, Doc. 43, is granted, Plaintiff's Motion for Entry of Default, Doc. 45, is denied, and Defendant's Motion for Leave to File Answer out of Time, Doc. 47, is granted.

## I. Background

Plaintiff James Scott, Sr. brings this suit *pro se* against his employer, Defendant Cowley Distributing, Inc. Plaintiff alleges that the Defendant discriminated against him on the basis of race and religion, subjected him to a racially hostile work environment, denied him promotional opportunities based on race, and then retaliated against him for his complaints.

The case was originally filed on December 23, 2016, in the United States District Court for the District of Kansas. On May 22, 2017, Plaintiff moved for leave to file an amended complaint. Doc. 11. On June 6, 2017, Defendant moved to dismiss for lack of jurisdiction, or, in

the alternative, to transfer venue. Doc. 13. On September 20, 2017, Chief District Judge Julie A. Robinson of the District of Kansas granted Plaintiff's motion to file an amended complaint, denied Defendant's motion to dismiss, and granted Defendant's motion to transfer venue. Doc. 21. Chief Judge Robinson directed the Clerk to file Plaintiff's First Amended Complaint, which Plaintiff had attached to his motion, and ordered that the case be transferred to the United States District Court for the Western District of Missouri. The case was transferred the next day, September 21, 2017, but the First Amended Complaint was not filed prior to transfer. Doc. 22.

On December 5, 2017, it came to the Court's attention that the First Amended Complaint was not filed. Accordingly, the Court directed the Clerk of Court to file Plaintiff's First Amended Complaint, Document 11-1 on the docket, and granted Defendant twenty-one days to answer or otherwise respond. Doc. 37. The Clerk of Court subsequently filed Document 38, that same day. It appears, however, that the Clerk of Court inadvertently filed Plaintiff's original Complaint, rather than his First Amended Complaint. Without recognizing that it was responding to the original complaint, the Defendant filed an answer to Document 38 on December 22, 2017, in compliance with the Court's Order.

**II.     Discussion**

   **A.     Motion to Strike**

Plaintiff moves to strike the Defendant's response pursuant to Federal Rule of Civil Procedure 12(f). Under Rule 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff argues that Defendant's answer must be stricken because it was untimely, and because it responds to the original Complaint instead of Plaintiff's First Amended Complaint.

While the Defendant's answer did respond to the incorrect complaint, its mistake was understandable given the incorrect docketing. Therefore, as discussed below, the Court will give the Defendant an opportunity to file its answer to the Amended Complaint, out of time. The Clerk's Office has now corrected Document 38 to reflect the Amended Complaint.

For housekeeping purposes, the Court will strike Defendants mistaken answer, Doc. 39.

**B.     Motion for Entry of Default**

A default judgment is not warranted under the circumstances of this case. Generally disfavored, entry of default judgment is appropriate when a party exhibits "willful violations of court rules [or] contumacious conduct, or [causes] intentional delays." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996) (internal quotation and citation omitted). The Eighth Circuit has not articulated specific factors to consider in ruling on motions for default judgment, *Id.*, and therefore the decision is left to the "sound discretion" of the Court. *F.T.C. v. Packers Brand Meats, Inc.*, 562 F.2d 9, 10 (8th Cir. 1977).

The Defendant maintains that it acted in good faith when responding to Document 38, which is labeled "Pro Se Amended Complaint" and was filed by the Clerk of Court. The Defendant also argues that it was Plaintiff's burden to verify that the correct pleading was filed. Conversely, Plaintiff argues that the Defendant should have recognized that Document 38 was filed erroneously, because the original Complaint and the First Amended Complaint are significantly different. The original Complaint has "FILED Dec. 23 2016" prominently stamped on the first page, and uses larger font throughout. Doc. 1. Additionally, in responding to Plaintiff's Motion to Amend the Complaint, the Defendant remarked that it "reviewed Plaintiff's proposed Amended Complaint," Doc. 12, p. 13, which had been attached to the motion.

3

The Court cannot fault the Defendant under these circumstances. Moreover, the Defendant has shown an obvious intent to participate and defend itself in this litigation, and has complied with all other Court orders. Default judgment is therefore not warranted, and Plaintiff's Motion for Entry of Default, Doc. 45, is denied.

### C. Motion for Leave to File Answer Out of Time

Recognizing that Document 38 does not represent Plaintiff's First Amended Complaint, Defendant moves for leave to file an answer out of time. As discussed above, Defendant's request is granted. Defendant shall answer or otherwise respond to Plaintiff's First Amended Complaint, Doc. 38, within 15 days of the date of this Order.

## III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Strike, Doc. 43, is granted, Plaintiff's Motion for Entry of Default, Doc. 45, is denied, and Defendant's Motion for Leave to File Answer out of Time, Doc. 47, is granted. Defendant shall answer or otherwise respond to the First Amended Complaint within 15 days of the date of this Order.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 5, 2018
Jefferson City, Missouri